PAINTERS OF PHILADELPHIA DIS-
TRICT COUNSEL NO. 21 WELFARE
FUND and William Dalton, Harold
Johnson, George Clark, Gerard Doto,
Herbert Tiedeken, Richard Schroeder,
Herbert Lewin, as Trustees of Painters
of Philadelphia, District Council No. 21
Welfare Fund

v.

PRICE WATERHOUSE.

Civ. A. No. 88–3559.

United States District Court,
E.D. Pennsylvania.

Nov. 14, 1988.

Richard B. Sigmond, Spear, Wilderman, Sigmond, Borish, Endy & Silverstein, Philadelphia, Pa., and John H. Widman, McAleese, McGoldrick & Susanin, P.C., Kenneth M. O'Brien, King of Prussia, Pa., for plaintiffs.

Robert L. Hickok, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

*Background*

The plaintiffs in the above-captioned action are an employee welfare fund and its trustees. ("Plaintiffs" or "the Fund.") The defendant is an international accounting firm which served as auditor for the Fund from 1976 to 1982. ("Price Waterhouse").[1] *See* Complaint, paragraph 14.

Plaintiffs in their Complaint allege that the Fund's former administrators negli-

---

**1.** These same plaintiffs filed an earlier action in this Court. *Painters of Philadelphia District Council No. 21 Welfare Fund and William Dalton, Harold Johnson, George Clark, Gerard Doto, Herbert Tiedeken, Richard Schroeder and Herbert Lewin v. Peat, Marwick, Main and Co. and Accu-Benefit Plans, Inc. and Rudolph J. Capri v. William Dalton, Harold Johnson, Gerard Doto, Robert Tiedeken, Richard Schroeder, Herbert Lewin, William Cuddy, Edward Kivlin, Joseph Neville, Theresa Fiore-Knoedler, George Klewer* *and Chubb Group of Insurance Companies and Britton W. Palmer and Sons, Inc.,* No. 87–7066 (E.D.Pa.). In No. 87–7066, this Court issued a Memorandum and Order that, among other things, dismissed Peat, Marwick, Main and Co. from the case [available on WESTLAW, 1988 WL 100757]. Because of the similarity of issues in that case and this one, the Court's ruling on the liability of Price Waterhouse here is consistent with its ruling on the liability of Peat, Marwick, Main and Co. in No. 87–7066.

gently managed the Fund and grossly overcharged the Fund for administrative services.

Plaintiffs also allege that Price Waterhouse failed to perform the audits consistently with its statutory duty to do so. (Complaint, Paragraph 16) and failed to acknowledge, investigate, itemize, evaluate or report the alleged improprieties of the administrator to the trustees. (Complaint, Paragraph 17).

The Complaint is divided into four Counts. They are:

Count I: Breach of a fiduciary duty imposed upon Price Waterhouse by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (West 1985 & Supp.1988).

Count II: Breach of general statutory duty implied in ERISA.

Count III: Breach of contract.

Count IV: Negligence.

Price Waterhouse has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Counts I and II for failure to state a claim upon which relief may be granted. Price Waterhouse has concurrently moved for dismissal of Counts III and IV. Price Waterhouse argues that if Counts I and II are dismissed, the Court should not exercise prudent jurisdiction over Counts III and IV.[2]

For the reasons stated below, the Court will grant the motion of Price Waterhouse and dismiss the entire Complaint.

*Discussion*

Pursuant to Fed.R.Civ.P. 12(b)(6), this Court must take the allegations of the Complaint as true, granting dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ In Count I, plaintiffs allege that Price Waterhouse "owed the Fund and its participants a fiduciary duty to conduct its audits in accordance with generally accepted auditing standards." Complaint, Para-

graph 23. Additionally, plaintiffs allege that "Price Waterhouse breached its fiduciary duty described above by failing to acknowledge, investigate, itemize, evaluate or notify ... of the improper and unreasonable fees and expenses charged by [the administrator]." Complaint, Paragraph 24.

ERISA defines fiduciary as follows:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan....

29 U.S.C.A. § 1002(21)(A) (West Supp. 1988).

Nowhere in their Complaint do plaintiffs allege that Price Waterhouse performed any of these services for the Fund. In fact, Price Waterhouse could not have performed any of the services listed in § 1002(21)(A) and still have been qualified to do the audits. 29 U.S.C.A. § 1023(a)(3)(A) (West 1985) provides:

[T]he administrator of an employee benefit plan shall engage, on behalf of all plan participants, an *independent* qualified public accountant, who shall conduct ... an examination of any financial statements of the plan, and of other books and records of the plan, as the accountant may deem necessary to enable the accountant to form an opinion as to whether the financial statements and schedules ... are presented fairly in conformity with generally accepted accounting principles applied on a basis consistent with that of the preceding year.

(Emphasis added).

Price Waterhouse could not perform an independent audit for the Fund and be a

---

**2.** Price Waterhouse has also moved for dismissal of the Fund, alleging that the Fund lacks standing to bring this action, and for complete dismissal of the action as barred by statutes of

limitation. In view of its decision, the Court need not address these issues and expresses no opinion on them.

fiduciary of the Fund at the same time. If Price Waterhouse cannot be a fiduciary, then it cannot owe any fiduciary duty to the Fund.

Courts throughout the country have declined to read § 1002(21)(A) as broadly as plaintiffs would have this Court read it. *See Robbins v. First American Bank of Virginia,* 514 F.Supp. 1183 (N.D.Ill.1981) *and Brandt v. Grounds,* 687 F.2d 895 (7th Cir.1982). In both *Robbins* and *Brandt,* plaintiffs attempted to state an ERISA claim against a bank, alleging that the bank in each case was a fiduciary. In *Robbins,* the suit arose from an uncollectible loan guaranteed by a fund's assets. In *Brandt,* the bank was alleged to have negligently honored withdrawals from a fund's account, which a former trustee converted to his own use.

In both cases, the United States District Court dismissed the complaints for failure to state a claim, and in *Brandt,* the Court of Appeals affirmed the dismissal. The Court finds these cases and their analyses persuasive.

Even more analogous to the present case is *Yeseta v. Baima,* 837 F.2d 380 (9th Cir. 1988). In that case, a plan participant sued the owners of his former employer, a closely held corporation. The owners were named fiduciaries of the plan. The participant also sued the employer's attorney and accountant.

The attorney reviewed the plan for its compliance with the law. The accountant reviewed the books, prepared the financial statements, and prepared tax returns for the plan.

The United States District Court had found that the attorney and accountant were fiduciaries of the plan, and held them jointly liable with the owners for its judgment in favor of the participant.

The Court of Appeals reversed this finding, exonerating the attorney and accountant from liability. The Court of Appeals said:

> [The accountant] was not a fiduciary. His control over the plan was purely ministerial.
>
> . . . .
>
> [The accountant] reviewed the books and prepared financial statements and tax returns for ... the [p]lan. This limited authority does not confer, nor did [the accountant] actually exercise, "control respecting management of the [p]lan." 29 U.S.C. § 1002(21). (citation omitted). As a result, [the accountant] was not a fiduciary of the [p]lan.

*Yeseta,* 837 F.2d at 385.

In the present action, plaintiffs allege Price Waterhouse "failed to acknowledge, investigate, itemize, evaluate or notify the Fund ... of the improper and unreasonable fees and expenses charged ... by [the administrator.]" Complaint, paragraph 21.

Essentially the Complaint alleges one wrong: negligent auditing by Price Waterhouse. Auditing is no less ministerial here than were the other accounting services in *Yeseta.* Furthermore, the plain language of 29 U.S.C.A. § 1002(21) does not include auditing functions within the ERISA definition of "fiduciary." [3]

In the Court's view, plaintiffs have alleged no set of facts which could be construed as conferring an ERISA fiduciary status upon Price Waterhouse. [4] Therefore, Price Waterhouse owed no fiduciary duty to the Fund. Count I of the Com-

---

**3.** Plaintiffs rely on legislative history to support their contention that an independent auditor such as Price Waterhouse can be a fiduciary under ERISA. The Court finds this legislative history unpersuasive for several reasons. First, the history cited by plaintiffs addresses actuaries, not auditors. The functions of the two are quite different. Second, most of the cited history refers to earlier versions of ERISA, not to the final codified version. Third, as stated in the body of this Memorandum, courts have consistently given a narrow reading of ERISA's fiduci-

ary concept. This Court sees no reason to depart from that interpretation.

**4.** The one situation in which courts have imposed ERISA fiduciary status on a party not otherwise meeting the definition of fiduciary in 29 U.S.C.A. § 1002(21) is when a non-fiduciary knowingly colludes with a fiduciary to impair a fund's assets. *See, e.g., Donovan v. Bryans,* 566 F.Supp. 1258 (E.D.Pa.1983). Plaintiffs make no such allegation against Price Waterhouse in the present case.

plaint, which is predicated on such a duty, must accordingly be dismissed.

■ Count II of the Complaint alleges: "Price Waterhouse was or should have been aware of [the Fund administrator's] breach of fiduciary duties and through its failure to acknowledge, investigate, itemize, evaluate or notify the Fund of this knowledge, has breached its duty of care *implied in law under Erisa to the Fund.*" Complaint, Paragraph 30. (Emphasis added).

Plaintiffs maintain that this implied duty stems from 29 U.S.C.A. § 1023(a)(3)(A) (West 1985) quoted above. Section 1023(a)(3)(A) requires annual audits of employee benefit plans by an independent accountant; the section also requires that these audits be performed in accordance with generally accepted auditing standards. Significantly, though, ERISA does not expressly authorize a civil action against an accountant for failure to follow generally accepted auditing standards. The civil actions authorized by ERISA are as follows:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided in subsection (c) of this section,[5] or

(B) to recover benefits due to him under the terms of his plan to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title.[6]

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary [of Labor], or by a participant, or beneficiary for appropriate relief in the case of a violation of [Section] 1025(c) of this title;[7]

(5) except as otherwise provided in subsection (b) of this section, by the Secretary [of Labor] (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or

(6) by the Secretary [of Labor] to collect any civil penalty under subsection (i) of this section.[8]

29 U.S.C.A. § 1132(a) (West 1985).

Plaintiffs nevertheless argue that their cause of action exists under ERISA and that, because of ERISA's broad preemptive language,[9] the Court must find their cause

---

**5.** This refers to 29 U.S.C.A. § 1132(c). Section 1132(c) empowers a court to impose penalties on a plan administrator who refuses to give certain information to a plan participant or beneficiary requesting same. It also requires, through Section 1166, that administrators of health plans provide certain information to participants and beneficiaries. *See* 29 U.S.C.A. § 1132(c) (West Supp.1988) *and* 29 U.S.C.A. § 1166 (West Supp.1988).

**6.** Section 1109 imposes personal liability on any plan fiduciary who breaches his fiduciary duties; the fiduciary must "make good" to the plan any loss it suffers because of his breach of duty. *See* 29 U.S.C.A. § 1109 (West 1985). As discussed above in this Memorandum, § 1109 does not apply to Price Waterhouse because Price Waterhouse is not a fiduciary.

**7.** Section 1025(c) in certain instances requires plan administrators to provide a report to each participant detailing information contained in a

report the administrator would be required to file with the Internal Revenue Service in the same instance. *See* 29 U.S.C.A. § 1025 (West 1985).

**8.** This refers to 29 U.S.C.A. § 1132(i). Section 1132(i) allows the Secretary of Labor to impose civil penalties against parties in interest to a fund in certain instances. Neither that power nor the definition of "party in interest" under ERISA is germane to the issues in the present case. *See* 29 U.S.C.A. § 1132(i) (West Supp. 1988).

**9.** 29 U.S.C.A. § 1144(a) (West 1985) provides: Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

of action against Price Waterhouse implied elsewhere in ERISA.

The Court does not agree. Since ERISA does not expressly provide a remedy for the alleged wrong against plaintiffs here, it stands to reason that ERISA does not simultaneously pre-empt redress for that wrong outside the ERISA scheme.[10] The traditional remedy in the present case is a professional malpractice action. It would defeat much of ERISA's purpose if that statute pre-empted this traditional remedy without expressly providing another one.

Plaintiffs also assert that Price Waterhouse owed them a duty implied in ERISA, under 29 U.S.C.A. § 1023(a)(3)(A) (West 1985) quoted earlier in this Memorandum. The Court does not find such an implied duty.

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted[?] (citation omitted) ... Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? (citation omitted). Third, is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff? (citations omitted). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? (citations omitted)

*Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). (emphasis in original).

In *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Court applied the factors from *Cort* listed above

and found that ERISA did not imply a private cause of action for extra-contractual compensatory damages or punitive damages.

In *Russell,* the plaintiff was receiving disability benefits. The benefits were discontinued, an action later determined incorrect. Plaintiff was eventually given all of her retroactive benefits. Nevertheless, she sued fiduciaries of the benefit plan for their improper withholding of her timely payments, seeking compensatory and punitive damages. The parties did not dispute that ERISA would have provided her with a remedy for recovery of the disability benefits themselves.

The issue was whether a cause of action for the specific type of damages sought by the plaintiff was implied by ERISA.

In reversing the Court of Appeals, the Supreme Court held that the plaintiff's cause of action was not implied in ERISA. The Court said, "Unless this Congressional intent [to create a private remedy] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Russell,* 473 U.S. at 145, 105 S.Ct. at 3092 (quoting *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981)). The Court continued, "The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *Id.* (quoting *California v. Sierra Club,* 451 U.S. 287, 297, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981)).

The Court then applied the rule from *Sierra Club* as it examined ERISA. In so doing, the Court observed:

> The carefully integrated civil enforcement provisions found in [29 U.S.C.A.

29 U.S.C.A. § 1144(b) (West 1985 & Supp. 1988) exempts from pre-emption laws regulating insurance, banking and securities. The United States Supreme Court has given Section 1144(a) a very broad reading, holding a wide range of actions pre-empted. *See e.g., Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) *and Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct.

1549, 95 L.Ed.2d 39 (1987). The cases in which the Supreme Court has found pre-emption typically concern calculation of or collection of benefits. The Court has yet to find pre-emption in a case like the present one—an action not specifically authorized by ERISA.

**10.** *See* Note 9.

§ 1132 (West 1985 & Supp.1988) ] ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme....

*Russell*, 473 U.S. at 146, 105 S.Ct. at 3092 (emphasis in original). As this Court understands *Russell*, it is a strong admonition against finding remedies and causes of action in ERISA that are not articulated by Congress. Congress has not articulated anywhere in ERISA a cause of action against an allegedly negligent auditor. Certainly in § 1023(a)(3)(A) Congress requires an annual audit of plans governed by ERISA. Furthermore, Congress requires that the audit be performed by an independent accountant and be done in accordance with generally accepted auditing standards. But, Congress did not authorize a civil action against a negligent auditor in § 1132, or anywhere else. "Where a statute expressly provides a particular remedy or remedies, a Court must be chary of reading others into it." *Russell*, 473 U.S. at 147, 105 S.Ct. at 3093 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246–247, 62 L.Ed.2d 146 (1979)).

This Court is not inclined to read a remedy against Price Waterhouse in ERISA when Congress did not expressly provide one.[11] Accordingly, Count II of plaintiffs' Complaint, which is predicated upon such a duty, thereby fails to state a claim upon which relief may be granted, and will be dismissed.

The only issue now remaining is whether the Court should retain jurisdiction over Counts III and IV of plaintiffs' Complaint.

Count III alleges a breach of contract; Count IV alleges negligence.

Counts III and IV were originally within this Court's pendent jurisdiction because the state law claims in Counts III and IV arose from a "common nucleus of operative facts" with the federal law claims of Counts I and II. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

*Gibbs* articulates certain rules and policies that are highly relevant here. "It has been consistently recognized that pendent jurisdiction is a matter of discretion, not of plaintiff's right." *Id.* at 726, 86 S.Ct. at 1139. "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

Recent authority in this circuit echoes the *Gibbs* teachings. "[O]nce all federal claims have been dropped from a case, the case simply does not belong in a federal court." *Lovell Manufacturing v. Export–Import Bank of the United States*, 843 F.2d 725, 734 (3d Cir.1988).

The Court therefore, in its discretion, will not continue to exercise pendent jurisdiction over Counts III and IV of the Complaint in the present action.[12] No federal claims now remain to form an independent jurisdictional basis for this action. Furthermore, dismissal of the pendent claims here does not leave plaintiffs without a forum.

Pennsylvania has a "saving statute"; plaintiffs may now file an action in state court, and it will be treated as though it were filed on the date this action was filed. *See Lovell*, 843 F.2d at 735 n. 15. *See also* 42 Pa.Con.Stat.Ann. § 5103(b)(1) (Purdon Supp.1988).

**11.** The Court notes that the Third Circuit has also refused to imply causes of action in ERISA, and that it followed *Russell* to a large extent in reaching that decision. *See Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988). In view of *Russell* and *Trenton*, this Court believes that it would be inappropriate to take the expansive reading of ERISA espoused by plaintiffs.

**12.** Plaintiffs have urged the Court to retain pendent party jurisdiction over Price Waterhouse because plaintiffs had planned to move for consolidation of this case and Civil Action No. 87–7066. *See* Note 1. In view of this Court's disposition of Civil Action No. 87–7066, consolidation is now a moot issue.

To summarize, Count I of the Complaint is dismissed because Price Waterhouse is not a fiduciary within the meaning of ERISA, and therefore owes no fiduciary duty to the plaintiffs. Count II is dismissed because the Court will not infer from ERISA a cause of action for negligent auditing when Congress has not expressly made that cause of action part of ERISA's comprehensive statutory scheme. Counts III and IV are dismissed because the Court, in its discretion, will not exercise pendent jurisdiction over them when there is no longer an independent basis for subject matter jurisdiction rooted in federal law.