**Shane O'NEIL and Robert Johnson on behalf of themselves and all those similarly situated, Plaintiffs,**

v.

**GENCORP, INC., Retirement Plan for Salaried Employees of RKO General, Inc. and Certain Subsidiary Companies; and RKO Bottlers, Inc., Retirement Plan for Non–Union Employees, Defendants.**

**No. 88 CIV. 8498 (JSM).**

United States District Court,
S.D. New York.

May 6, 1991.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge:

This matter is before the Court on defendant GenCorp's motion to dismiss plaintiffs' claim for punitive damages and defendant GenCorp, Inc. pursuant to Rule 12(b)(6).

GenCorp seeks dismissal from this action on two grounds: a) it claims that since the only remedy sought from it is punitive damages and this being unavailable to plaintiffs as a matter of law, GenCorp should be dismissed; and b) the Amended Complaint fails to allege a colorable claim for breach of fiduciary duty against Gen-Corp. For the reasons set forth below, the claims for punitive damages and against GenCorp are dismissed for failure to state a claim upon which relief can be granted.[1]

## DISCUSSION

Plaintiffs' argue that punitive damages are an appropriate remedy under ERISA for GenCorp's wilful misconduct. They hinge this argument on what can be characterized as a very thin reed.

In support of their proposition that punitive damages are available as a remedy for breach of fiduciary duty under ERISA, plaintiffs cite *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). *Russell* held that recovery from a fiduciary for a violation of § 409(a) of ERISA, 29 U.S.C. § 1109(a), establishing liability for breach of fiduciary duty, inures to the benefit of the Plan as a

---

**1.** As a result, we need not address defendant's second ground for dismissal.

whole. The Court stated that the drafters of that provision were primarily concerned with possible misuse that would protect the entire plan, rather than with rights of an individual beneficiary. *Russell*, 105 S.Ct. at 3089.

In discussing § 409(a), the Supreme Court in footnote 5 at 3088, stated "[b]ecause respondent relies entirely on § 409(a), and expressly disclaims reliance on § 502(a)(3), we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracontractual damages." Plaintiffs grasp onto this footnote and claim that based on this, they are entitled to punitive damages under § 502(a)(3), 29 U.S.C. § 1132(a) in this case. We disagree.

Plaintiffs also cite *Ingersoll–Rand Co. v. McClendon,* — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), in support of their claim that punitive damages are available. They argue that Justice O'Connor's concluding paragraph reverses the existing case law that holds that punitive damages are not available under ERISA. For the reasons set forth below, *Ingersoll–Rand* is also inapposite to the case at bar.

In *Ingersoll–Rand* the Supreme Court had to decide whether ERISA § 510, 29 U.S.C. § 1140, preempts a state cause of action for wrongful discharge. The Court held that "ERISA's explicit language and its structure and purpose demonstrate a congressional intent to pre-empt a state common law claim that an employee was unlawfully discharged to prevent his attainment of benefits under an ERISA-covered plan." 111 S.Ct. at 480.

Section 510 prohibits the discharge, fine, suspension, expulsion, discipline or discrimination of a plan participant or beneficiary "for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with [his] attainment of any right to which such participat may become

entitled under the plan...." 29 U.S.C. § 1140.

Unlike the case at bar whereby plaintiffs claim entitlement to additional pension benefits under the terms of their pension plans, a § 510 plaintiff is usually not entitled to receive benefits from the plan. The plan is usually not a party in an action under § 510 because any recovery will not be from the plan.[2]

The Court noted in *Ingersoll–Rand,* that § 502(a) (ERISA's civil enforcement mechanism), when invoked to enforce § 510, permits recovery from a non-plan entity. 111 S.Ct. at 485. In the last paragraph of the Court's opinion, Justice O'Connor stated:

The preceding discussion also reponds to the Texas court's attempt to distinguish this case as not one within ERISA's purview. Not only is § 502(a) the eclusive remedy for vindicating § 510–protected rights, there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek "pension benefits." It is clear that the relief requested here is well within the power of federal courts to provide. Consequently, it is no answer to a pre-emption argument that a particular plaintiff is not seeking recovery of pension benefits.

Had Justice O'Connor intended, as plaintiffs claim, that this analysis of § 510 was overruling the considerable amount of federal caselaw barring punitive and extracontractual damages under ERISA (particularly the cases which specify that punitive damages are unavailable under § 510), she undoubtedly would have so stated.

Furthermore, since Justice O'Connor's *dicta* in *Ingersoll–Rand* discusses remedies under § 502(a) generally and are not limited to § 502(a)(3), one would also expect an explanation of the effect on *Russell*'s holding that punitive damages are unavailable under § 502(a)(2), as well as a distinction from *Russell*'s elaborate rationale for generally excluding punitive damages in ERISA actions. Plaintiffs' suggestion that

---

**2.** A typical allegation in a § 510 case is that the defendant took some action to prevent the plaintiff from ever attaining entitlement to pension benefits. In *Ingersoll–Rand,* for example, the plaintiff alleged that he was discharged so that his employer would not have to contribute to the plan on his behalf. 111 S.Ct. at 485.

the Supreme Court intended to disavow *Russell* without so much as an acknowledgment, is highly suspect in light of Justice O'Connor's general criticisms of punitive damages. *Pacific Mut. Life Ins. Co. v. Haslip,* — U.S. —, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) (O'Connor, J.; dissenting).

*Ingersoll–Rand* does not offer any real support to plaintiff. The Court in *Ingersoll–Rand* was addressing § 510, a cause of action completely distinct from the breach of fiduciary duty alleged in this case. Plaintiffs are seeking punitive damages to inure to them because of an alleged breach of fiduciary duty owed to the Defendant Plans. GenCorp is correct in arguing that *Ingersoll–Rand* has no bearing on plaintiffs' claim.

While plaintiffs are correct in arguing that the Second Circuit has not addressed the issue of punitive damages with regards to ERISA § 502(a)(3), all of the U.S. Courts of Appeals that have ruled on the issue have held that extra-contractual damages are not available under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 825 (1st Cir.1988), *cert. denied* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419, 424 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1465 (5th Cir.1986) *reh. den., en banc Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 797 F.2d 977 (5th Cir.1986), and *cert. den., Corrigan v. Sommers Drug Stores Co.,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 and *cert. denied Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan,* 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987); *Varhola v. Doe,* 820 F.2d 809, 817 (6th Cir.1987); *Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 627 (7th Cir.1987); *Sokol v. Bernstein* 803 F.2d 532, 534 (9th Cir.1986); *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819 (11th Cir.1991); *United Steelworkers of America, etc. v. Connors Steel Co.,* 855 F.2d 1499 (11th Cir.1988),

*cert. denied H.K. Porter Co. v. United Steelworkers of America, etc.,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989).

Indeed, this Court in *Giuntoli v. Garvin Guybutler Corp.,* 726 F.Supp. 494, 509 (S.D.N.Y.1989) held that "[s]uch a conclusion (that punitive damages were unavailable under § 502(a)(3)) appears compelled by the Supreme Court's reasoning in *Massachusetts Mut. Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Accordingly, plaintiff's damages claim is dismissed insofar as she seeks punitive damages under § 502(a)(3) of ERISA."

This Court in 1990 held that "in connection with remedies for breaches of fiduciary duties, the kinds of equitable relief contemplated are the traditional forms of equitable relief such as injunctions, constructive trusts, and removal of trustees." *Diduck v. Kaszycki & Sons Contractors, Inc.,* 737 F.Supp. 792, 805 (S.D.N.Y.1990). While Plaintiffs are correct in arguing that there is no 2nd Circuit decision directly addressing whether § 502(a)(3) permits punitive damages, there is overwhelming precedent that indicates that punitive damages are not available.

Plaintiffs state that the cases defendant GenCorp cites in support of its contention that punitive damages are unavailable under § 502(a)(3) were decided before *Ingersoll–Rand Co. v. McClendon,* — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) and "undoubtedly would have permitted [punitive damage] recovery if decided today." This assertion is incorrect. In *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819 (11th Cir.1991), decided after *Ingersoll–Rand,* the Eleventh Circuit held that ERISA § 502(a)(3) does not authorize extra-contractual damages. Thus, despite plaintiffs' claims that *Ingersoll–Rand* permits punitive damages under ERISA, courts continue to hold to the contrary.

Since punitive damages are the only remedy plaintiffs seek from GenCorp, and punitive damages being unavailable under

ERISA § 502(a)(3), plaintiffs' claim against GenCorp must necessarily be dismissed.

SO ORDERED.