Shane O'NEIL, et al., Plaintiffs,

v.

GENCORP, INC., et al., Defendants.

No. 89 Civ. 8498 (JSM).

United States District Court,
S.D. New York.

May 6, 1991.

T. Barry Kingham, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for plaintiffs.

William H. Powderly, III, Jones Day Reavis & Pogue, New York City, for defendants.

MARTIN, District Judge.

On May 9, 1991, the Court granted defendant GenCorp, Inc.'s ("GenCorp") motion to dismiss plaintiff's claim for punitive damages against GenCorp, Inc. pursuant to Rule 12(b)(6). 764 F.Supp. 833.

GenCorp now moves pursuant to 28 U.S.C. § 1292(b) to certify for immediate appeal the question whether punitive damages are available as a remedy under Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA") and alternatively, for entry of final judgment in favor of GenCorp, Inc. pursuant to Fed.R. Civ.P. 54(b). For the reasons set forth below, the motions are denied.

28 U.S.C. § 1292(b) permits an immediate appeal when it is determined that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation." *DeWitt v. American Stock Transfer Co.*, 440 F.Supp. 1084,

1087 (S.D.N.Y.1977). One consideration to be weighed in deciding whether to certify a question for an immediate appeal is whether the factual background of the case is sufficiently settled to sharply define the legal issues raised. 9 Moore's Federal Practice ¶ 110.22[2] at 261 (2d ed. 1975). In addition, "the policy against piecemeal appeals is effectuated in this circuit by an added requirement that the legal issue 'contribute to the determination, at an early stage, of a wide spectrum of cases.'" *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515, 525 (S.D.N.Y.1973).

As the caselaw demonstrates, there is no "substantial ground for difference of opinion" on the question of whether punitive damages are available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3),[1] nor whether punitive damages are available to individual participants such as plaintiffs. *E.g., Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825 (1st Cir.), *cert. denied* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Schoenholtz v. Doniger*, 657 F.Supp. 899 (S.D.N.Y.1987).

The issue plaintiffs want to have certified clearly fails to fulfill the criteria that the issue have a generalized significance or that it would contribute to determination of a wide spectrum of cases. Thus, certification would be improper.

 In the alternative, plaintiffs request that the Court enter final judgment in favor of GenCorp, Inc. pursuant to Fed.R. Civ.P. 54(b). Rule 54(b) permits the Court to direct the entry of a final judgment either 1) disposing of claims of or against fewer than all of the parties to the case or 2) disposing of fewer than all of the claims. "In either context, the matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.), *cert. denied sub nom. Nassau County Republican Comm. v. Cullen*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987).[2] Moreover, "[r]espect for that goal requires that the court's power to enter a final judgment before the entire case is concluded ... be exercised sparingly." *Cullen v. Margiotta, supra* at 711. *See also Panichella v. Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir.1958) ("The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' ...").

Entry of final judgment should be "granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978). Plaintiffs have failed to meet these criteria. As a result, entry of final judgment in favor of GenCorp is inappropriate at this time.

SO ORDERED.

---

**1.** *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 424 (4th Cir.1985), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1465 (5th Cir.1986); *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir.1987); *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 627 (7th Cir.1987); *McRae v. Seafarers' Welfare Plan*, 920 F.2d 819 (11th Cir.1991); *United Steelworkers of America, etc. v. Connors Steel Co.*, 855 F.2d 1499 (11th Cir.1988), *cert. denied H.K. Porter Co. v. United Steelworkers of America, etc.*, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 509 (S.D.N.Y.1989); *Diduck v. Kaszycki &*

*Sons Contractors*, 737 F.Supp. 792, 806 n. 23 (S.D.N.Y.1990).

**2.** In *Cullen v. Margiotta supra* at 710 the Court stated that "where multiple parties are involved and the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *See also Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir.1976) (per curiam) (appeal dismissed where decision of issues presented would implicate rights of other defendants who were not parties to the appeal.)