The **PENSION PLAN OF PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, et al.**

v.

**KPMG PEAT MARWICK, a/k/a Peat Marwick Main & Co.**

Civ. No. 91–354–JD.

United States District Court, D. New Hampshire.

Feb. 8, 1993.

Charles W. Grau, Arthur G. Telegen, for plaintiffs.

William E. Whittington, IV, Charles Plato, for defendant.

## ORDER

DiCLERICO, Acting Chief Judge.

Plaintiffs, the Pension Plan of Public Service Company of New Hampshire ("plan"); Public Service Company of New Hampshire in its own right and as sponsor of and on behalf of the plan and Leo E. Maglathlin, Jr., Bruce W. Wiggett, Earl G. Legacy, William T. Frain, and Robert A. Parks, as they are members of the Funding Board of said plan (collectively "PSNH") sued defendant KPMG Peat Marwick ("Peat Marwick"), alleging breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (West 1985 & Supp.1992), breach of auditing duties under ERISA, breach of contract and negligence. The court held a hearing on defendant's motion to dismiss on October 22, 1992.

### Background

Peat Marwick audited PSNH's pension plan each year from 1983 to 1989. Beginning in 1984, Dennis Race ("Race"), an internal fiduciary to the plan, allegedly began to sell "naked options" on the plan's behalf.[1] From 1984 to 1989 the plan lost approximately twenty million dollars due to trading by the

plan's investment advisors in naked options, allegedly in violation of plan guidelines. PSNH alleges that Peat Marwick knew PSNH's retirement board would rely on its audits and that the board did rely on the audits. PSNH alleges Peat Marwick never reported to the retirement board that Race was making investments which violated the board's guidelines.

### Discussion

When a complaint is challenged pursuant to Fed.R.Civ.P. 12(b)(6), the court must deny the motion "unless it plainly appears that the plaintiff can prove no set of facts thereunder which would entitle her to recover." *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991) (citations omitted). Factual allegations in the pleadings must be accepted as true and the court must indulge every reasonable inference in favor of the non-moving party. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990).

Peat Marwick seeks to dismiss counts I and II for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6) and to dismiss counts III and IV for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

### A. Count I

Count one charges Peat Marwick with breach of fiduciary duties under ERISA. PSNH contends count one states a claim because Peat Marwick "[i]n its role as policeman for the plan" owed the plan fiduciary duties. PSNH argues that in this case Peat Marwick was not acting in the usual capacity of an accountant because it was performing accounting duties statutorily mandated by ERISA, and was a fiduciary because it exercised authority and control respecting management and disposition of the plan assets. PSNH alleges that because the board relied on Peat Marwick's audit and because Peat Marwick knew that the board would rely on its audit, Peat Marwick effec-

---

1. "Naked options" or "uncovered calls" occur when the seller obligates himself to sell stock at a fixed price without owning the underlying stock.

tively controlled the plan's assets. Peat Marwick alleges count I should be dismissed because an auditor is not a fiduciary under ERISA, citing *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 699 F.Supp. 1100 (E.D.Pa.1988), *aff'd,* 879 F.2d 1146 (3d Cir.1989) (*"Painters "*).

ERISA defines "fiduciary" in 29 U.S.C.A. § 1002(21)(A) (West Supp.1992) to include a person to the extent "he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets."

In *Painters,* an employee welfare fund and its trustees sued the plan's independent outside auditor for breach of fiduciary duty under ERISA. 699 F.Supp. at 1101. The *Painters* court noted that, to qualify to conduct an audit under § 1023, the auditor must be "independent." *Painters,* 699 F.Supp. at 1101 (quoting 29 U.S.C.A. § 1023(a)(3)(A) (West 1985)). The *Painters* court further noted that the auditor "could not perform an independent audit for the Fund and be a fiduciary of the Fund at the same time." *Id.* at 1101–02. The Third Circuit Court of Appeals in *Painters II* agreed, stating "an independent public accounting firm that does no more than perform a section 1023 audit for an ERISA plan is not a fiduciary of the plan." *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1151 (3d Cir.1989) (footnote omitted) (*"Painters II "*).

The Department of Labor's guidelines for interpreting ERISA's fiduciary definition, § 1002(21)(A), state that "attorneys, accountants, actuaries, and consultants performing their usual professional functions will ordinarily not be considered fiduciaries." Interpretive Bulletin 75–5, 29 C.F.R. § 2509.75–5 (1987).

The court finds that PSNH's argument does not comport with the law. "That lawyers, accountants, and actuaries may render services to employers, plan trustees, and plan beneficiaries does not give them any decision-making authority over the plan or plan assets; the power to act for the plan is essential to status as a fiduciary under ERISA." *Associates in Adolescent Psychiatry v. Home Life Ins. Co.,* 941 F.2d 561, 570 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1182, 117 L.Ed.2d 426 (1992). "A party 'rendering professional services to a plan is not a fiduciary so long as he does not exercise any authority over the plan "in a manner other than by usual professional functions." ' " *Mertens v. Hewitt Assoc.,* 948 F.2d 607, 610 (9th Cir.1991) (quoting *Nieto v. Ecker,* 845 F.2d 868, 870 (9th Cir.1988)), *cert. granted on other grounds,* —— U.S. ——, 113 S.Ct. 49, 121 L.Ed.2d 19 (1992).

In this case, PSNH makes no allegations that Peat Marwick performed in any capacity beyond that of independent outside auditor. The court finds, taking the factual allegations in PSNH's complaint as true and indulging all reasonable inferences in favor of PSNH, that Peat Marwick was not a fiduciary as defined in ERISA. Therefore, the court dismisses PSNH's claim against Peat Marwick for breach of fiduciary duties under ERISA.

### B.   Count II

■ Count II contends Peat Marwick is liable under ERISA for breaching auditing duties imposed by ERISA. PSNH alleges ERISA § 1023(a)(3)(A) imposes specific duties on plan auditors. Peat Marwick counters that ERISA does not impose auditing duties on auditors, but that § 1023(a)(3)(A) merely enumerates duties of the plan administrator.

PSNH contends § 1023(a)(3)(A) imposes a duty on the auditor to audit in accordance with generally accepted accounting standards. Section 1023(a)(3)(A) states

the administrator of an employee benefit plan shall engage, on behalf of all plan participants, an independent qualified public accountant, who shall conduct such an examination of any financial statements of the plan, and of other books and records of the plan, as the accountant may deem necessary to enable the accountant to form an opinion as to whether the financial statements and schedules required to be included in the annual report by subsection (b) of this section are presented fairly in conformity with generally accepted accounting

**56**

principles applied on a basis consistent with that of the preceding year. Such examination shall be conducted in accordance with generally accepted auditing standards, and shall involve such tests of the books and records of the plan as are considered necessary by the independent qualified public accountant.

29 U.S.C.A. § 1023(a)(3)(A).

In *Painters*, the court held that a general duty of care for accountants could not be implied in § 1023(a)(3)(A). *Painters*, 699 F.Supp. at 1103–04.

Plaintiffs maintain that this implied duty stems from 29 U.S.C.A. § 1023(a)(3)(A) (West 1985) quoted above. Section 1023(a)(3)(A) requires annual audits of employee benefit plans by an independent accountant; the section also requires that these audits be performed in accordance with generally accepted accounting standards. Significantly, though, ERISA does not expressly authorize a civil action against an accountant for failure to follow generally accepted accounting standards. *Painters*, 699 F.Supp. at 1103. The court agrees with Peat Marwick that this language does not impose independent statutory ERISA duties on plan auditors.

■ Even assuming § 1023(a)(3)(A) does establish statutory duties on auditors, the court must then consider whether ERISA provides an express or implied remedy for violation of these duties. PSNH contends 29 U.S.C.A. § 1132(a) (West 1985 & Supp.1992) provides an express remedy for breach of the auditing duties allegedly imposed by § 1023(a)(3)(A). Peat Marwick contends that ERISA provides no cause of action for violation of those duties. Section 1132(a) provides

[a] civil action may be brought ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C.A. § 1132(a). As noted above, the *Painters* court held that § 1132(a) does not expressly authorize a civil action against an accountant for failure to follow generally accepted accounting standards. *Painters*, 699 F.Supp. at 1103.

The court notes that, assuming ERISA imposes duties on auditors, § 1132(a) could be construed to provide for a civil action for equitable relief when auditors breached those duties as a "violation of a provision of this subchapter." The *Painters II* court briefly noted appellants' position that they had an express cause of action against the auditors under § 1132(a). *Painters II*, 879 F.2d at 1151 n. 6. However, even if the court construes § 1132(a) expressly to authorize suit against an auditor for breach of statutory auditing duties, *Painters II* notes that only equitable relief is authorized. *Painters II*, 879 F.2d at 1151 n. 6; *see also Mertens*, 948 F.2d at 612.

Courts have held that extracontractual damages, damages beyond those provided for within ERISA, are not authorized by § 1132(a). *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985) (extracontractual remedies unavailable under ERISA's fiduciary liability section); *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 964–65 (1st Cir.1989) (ERISA does not contain cause of action for employers, parties not described in § 1132(a)); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 824 (1st Cir.) (compensatory and punitive damages not authorized by § 1132(a)), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Gaskell v. Harvard Coop. Soc'y*, 762 F.Supp. 1539, 1543 (D.Mass.1991) (extracontractual relief unavailable under ERISA). The First Circuit Court of Appeals in *Drinkwater* stated "we conclude, as have the Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits, that extra-contractual damages are unavailable under § 1132(a)(3)." 846 F.2d at 825 (footnote omitted). As the *Drinkwater* court noted, " '[o]ther appropriate equitable relief' should be interpreted to mean what it says—declaratory or injunctive relief, not compensatory and punitive damages." *Id; see also Oscar*

*A. Samos, M.D., Inc. v. Dean Witter Reynolds, Inc.,* 772 F.Supp. 715, 718 (D.R.I.1991).[2]

In this case, plaintiffs made a bald assertion that they are seeking equitable relief. Plaintiffs' complaint states "[a]s a result of Peat Marwick's violations of its duties under 29 U.S.C. § 1023(a)(3), the Plan suffered millions of dollars of losses, for which Peat Marwick is liable and for which plaintiffs seek all appropriate equitable relief and damages under 29 U.S.C. § 1132(a) and federal common law." Plaintiffs' complaint at ¶ 40. Although the court is mindful of the liberal pleading rules and its responsibility under Rule 12(b)(6) to construe the allegations in the pleadings as true, the court is not obligated to lend truth to bald assertions. *Chongris v. Board of Appeals of the Town of Andover,* 811 F.2d 36, 37 (1st Cir.1987) (citing *Snowden v. Hughes,* 321 U.S. 1, 10, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944)), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). PSNH appears to be seeking purely compensatory damages and nothing stated by counsel during oral argument provides the court with any articulable basis to conclude otherwise. PSNH has failed to plead facts showing promissory estoppel, the only type of equitable relief which would allow the court to grant monetary damages. *See Reid v. Gruntal & Co.,* 763 F.Supp. 672, 678–79 (D.Me.1991).

By way of summary, even assuming ERISA does impose duties on plan auditors, the court finds in ERISA only an express cause of action authorizing suit against such auditors for equitable relief. The court further finds that PSNH has failed to state a claim for appropriate equitable relief in this case.[3]

Having found only an express cause of action for equitable relief under § 1132(a), the court must next consider whether it should imply a cause of action under federal common law. PSNH concedes that its claims of professional malpractice are not preempted from state court,[4] but urges the court to create a cause of action for breach of ERISA's auditing duties under federal common law.

The court notes that where Congress has drafted a complex statutory scheme, courts should not readily graft implied terms onto it. *See Russell,* 473 U.S. at 147, 105 S.Ct. at 3093. "We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA.... '[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.'" *Harsch v.*

---

**2.** The court notes that the Supreme Court, in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 144–45, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990), may have called into question whether extracontractual damages may be recoverable under ERISA. The court recognizes that courts have disagreed over whether *Ingersoll–Rand* intended to overrule *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and its progeny. *See Harsch v. Eisenberg,* 956 F.2d 651, 659–60 (7th Cir.) (discussing cases expressing both opinions), *cert. denied,* —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992). The court agrees with the *Harsch* court that "we are not rash enough to believe that the Court intended to overrule settled law in most of the circuits, as well as narrowly limit—if not overrule—its own decision in *Russell* in such an off-hand manner." *Harsch,* 956 F.2d at 660; *see also Abels v. Kaiser Aluminum & Chemical Corp.,* 803 F.Supp. 1151, 1153 (D.W.Va.1992); *Roberts v. Thorn Apple Valley, Inc.,* 784 F.Supp. 1538, 1541 (D.Utah 1992); *O'Neil v. Gencorp, Inc.,* 764 F.Supp. 833, 834 (S.D.N.Y.1991).

**3.** The only way the district court could fashion an equitable remedy under ERISA to provide a

monetary recovery for the plaintiffs against [defendant] would be to order restitution. The district court dismissed this claim, however, because the plaintiffs had not alleged that [defendant] received anything other than its compensation for actuarial services. We agree with this analysis. Restitution was not available because unjust enrichment to support the plaintiffs' claim was not alleged.
*Mertens v. Hewitt Assoc.,* 948 F.2d 607, 612 (9th Cir.1991), *cert. granted on other grounds,* —— U.S. ——, 113 S.Ct. 49, 121 L.Ed.2d 19 (1992).

**4.** ERISA explicitly preempts "[s]tate laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C.A. § 1144 (West 1985 & Supp.1992). In *Painters II,* the court held ERISA does not preempt typical state law claims, including state professional malpractice actions. 879 F.2d at 1153 n. 7; *see also Mackey v. Lanier Collection Agency & Serv., Inc.* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988). The court thus finds PSNH's claims not preempted by ERISA.

*Eisenberg,* 956 F.2d 651, 656 (7th Cir.1992) (quoting *Russell,* 473 U.S. at 147, 105 S.Ct. at 3093).

Nevertheless, a complex statutory scheme such as ERISA necessitates the creation of a body of federal common law to interpret and apply the scheme. *Kwatcher,* 879 F.2d at 966. Courts have explicitly noted the power of federal courts to create such a body of federal common law. *Nash v. Trustees of Boston Univ.,* 946 F.2d 960, 965 (1st Cir. 1991); *Kwatcher,* 879 F.2d at 966. "Given the 'expansive sweep' of ERISA preemption, Congress expected 'that a federal common law of rights and obligations under ERISA-regulated plans would develop.'" *Kwatcher,* 879 F.2d at 966 (citations omitted).

> [Some legal problems] will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem. Federal interpretation of the federal law will govern, not state law.

*Nash,* 946 F.2d at 965 (citations omitted).

Federal common law is usually created to provide a forum for a claim preempted from state court by ERISA's preemption provision, 29 U.S.C.A. § 1144 (West 1985 & Supp. 1992). *See Kwatcher,* 879 F.2d at 966. The court finds no need to imply a cause of action for breach of auditing duties in federal common law because, as noted above, these claims can readily be brought in state court.

Taking the factual allegations in PSNH's complaint as true and indulging all reasonable inferences in favor of PSNH, the court finds that count two of PSNH's complaint against Peat Marwick for breach of statutorily created accounting duties fails to state a claim upon which relief can be granted and therefore dismisses count two.

### C. Counts III and IV

Counts III and IV charge Peat Marwick with state law breach of contract and negligence. Peat Marwick contends counts III and IV should be dismissed for lack of sub-ject matter jurisdiction. Although denying any wrongdoing or negligence, Peat Marwick contends that PSNH may properly bring these professional malpractice claims against it in a state court malpractice action and that it cannot claim preemption. PSNH alleges this court should exercise supplemental jurisdiction over the state law claims.

■ When a district court dismisses all federal claims before trial, it has broad discretion to refuse to exercise jurisdiction over remaining pendent state claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). Because the court has dismissed the federal claims alleged by PSNH, it must balance considerations including judicial economy, convenience, fairness to the litigants, and comity in deciding whether to exercise supplemental jurisdiction over the remaining state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991); *Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1164 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991). "[W]hen a district court dismisses all federal claims before trial, it normally will dismiss pendent state actions as well." *Newman,* 930 F.2d at 964. In *Painters,* the court declined to exercise supplemental jurisdiction over the remaining state law claims. 699 F.Supp. at 1105.

■ The resources of the federal court should not be directed at resolving a case where only state law claims remain if the plaintiff is not time barred from raising those claims in the state court. It is in the interest of comity to allow state courts to apply state law when it is not necessary for the federal court to do so. The convenience of the parties will not be adversely affected by having the case brought in the state court. Considerations of judicial economy and comity weigh against this court exercising supplemental jurisdiction over the remaining claims arising under state law.

The court therefore declines to exercise supplemental jurisdiction over PSNH's state law claims, and grants Peat Marwick's mo-

tion to dismiss counts III and IV for lack of subject matter jurisdiction.

*Summary*

The Motion of Defendant KPMG Peat Marwick to Dismiss the Complaint (document no. 3) is granted.

SO ORDERED.